# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RANDOLPH L. SIMMONS, #16107-067 | * | |
| Petitioner | * | |
| v | * | Civil Action Case No. DKC-10-700 |
| WARDEN, FCI CUMBERLAND | * | |
| Respondent | * | |

## MEMORANDUM OPINION

Pending is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed pro se by Randolph L. Simmons (Simmons), a self-represented inmate at the Federal Correctional Institution- Cumberland (FCI Cumberland). Counsel for Respondent has filed a Motion to Dismiss, or in the Alternative, for Summary Judgment to which Simmons has filed a reply. After careful review of the record, exhibits, and applicable law, the court determines that hearing is not necessary. *See* Local Rule 105.6 (Md. 2010). For reasons to follow, the court will deny and dismiss the Petition.

## BACKGROUND

1. Petitioner's Claims

Simmons asserts that he should be reviewed for placement in a Residential Reentry Center (RRC) "six months earlier than the mandated 17-19 months" because he is participating in a Residential Drug Abuse Program (RDAP). ECF No. 1, Petition, p. 2. Simmons asks the court to order "Second Chance Act review considerations and/or any other relief that the Court may deem appropriate." ECF No. 1.Petition, p. 4. Although not specifically stated, it appears

that Simmons is claiming that the BOP acted outside the scope of its authority by failing to review him for RRC placement at an earlier time.[1]

II. Factual Background

On July 1, 2008, Simmons pleaded guilty in the Middle District of Pennsylvania to conspiracy to produce an identification document in violation of 18 U.S.C. § 1028; conspiracy to commit access device fraud in violation of 18 U.S.C. §1029; and conspiracy to commit mail fraud in violation of 18 U.S.C. § 1341, all in violation of 18 U.S.C. § 371. On November 11, 2008, the court sentenced Simmons to sixty months incarceration and three years of supervised release. *See United States v. Simmons*, 1:08-cr-207-CCC-1. At the time Simmons filed this petition on March 18, 2010, his projected release date was October 11, 2012. ECF No. 8, Attachment A.

By letter dated October 9, 2010, Simmons informed the court that his projected release date had been changed to November 7, 2011.[2] ECF No. 13. Further, Simmons indicated that RDAP staff had given him a May 12, 2011, "halfway house bed-date to RDAP contract of six months in RRC." *Id*.

At the time Simmons filed his federal petition on March 18, 2010, he had been approved to begin an RDAP in July of 2010, but had yet to start the program. The RDAP program lasts for nine months, barring any set-backs on the part of the inmate. ECF No. 8, Exhibit 1, § 6. Thus, Simmons would not complete the program, assuming he were successful, until March of 2011.[3]

---

[1] The court is mindful that Simmons is self-represented and accords his pleadings liberal construction. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978).

[2] The BOP Inmate Locator shows the November 7, 2011 projected release date as well. http://www.bop.gov/iloc2.

[3] Simmons has since entered the program. ECF No. 12.

*Id*. Simmons will be reviewed for RRC placement in March of 2011, which is 17-19 months before his release date. *Id*, § 5. While successful completion of RDAP may render an inmate eligible for early release by a period up to twelve months, early release is not guaranteed, but is offered as an incentive toward successful completion. *Id*., § 6, Regardless of an inmate's participation and completion of RDAP, the inmate is considered for RRC placement 17-19 months prior to their projected release date. *Id*.

## STANDARD OF REVIEW

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255(1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed.R.Civ.P. 56(e). Further,

complaint filed by a pro se litigant are liberally construed to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972).

I. Discussion

Habeas relief is available under 28 U.S.C. § 2241 when a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A. Second Chance Act of 2007

The Bureau of Prisons (BOP ) is authorized by statute to designate a prisoner's place of imprisonment according to five factors: 1) the resources of the facility contemplated; 2) the nature and circumstances of the offense; 3) the history and characteristics of the prisoner; 4) any statement by the court that imposed the sentence-(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and 5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S,C.§ 994(a)(2). *See* 28 U.S.C. § 3621(b).

The Second Chance Act provides that a prisoner *may* be granted pre-release custody to serve a portion of his sentence in the community, such as on home confinement or in a RRC. *See* 18 U.S.C. § 3624(c). (Emphasis added). The statute conveys the following authority to the BOP:

> The Director of the Bureau of Prisons shall, *to the extent practicable,* ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions *may* include a community correctional facility.

18 U.S.C, 3624(c)(1) (emphasis added).

The Second Chance Act required the BOP to issue new regulations to ensure that RRC placements are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). In compliance with the above, the BOP adopted regulations set forth in 28 C.F.R. § 570.20-.22. Section 570.21(a) provides that a prisoner's maximum allowable time in a RRC placement is 12 months. The regulations do not set any minimum amount of time that a prisoner must spend in a RRC. Section 570.22 provides that the BOP will make RRC placement decisions "on an individual basis" and to allow placement "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." The 12-month RRC period is a statutory maximum; it is not mandatory that prisoners receive 12 months in RRC placement. *See* 18 U.S.C. § 3624(c); *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 251 (3rd Cir. 2005) (stating that "that the BOP may assign a prisoner to a CCC does not mean that it must."). Title18 U.S.C. § 3624(c)(4) provides that "[n]othing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621."

B.  Residential Drug Abuse Program (RDAP).

RDAP provides a one-year sentence reduction as an incentive for its successful completion. *See* 18 U.S.C. § 3621(e)(2)(B). It provides "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may be reduced by the Bureau of Prisons*, but such reduction may not be more than one year from the term the prisoner must otherwise serve." *Id*. (Emphasis added). The statute does not guarantee an inmate a one-year RRC placement for any portion of his or her sentence, but only directs the

Bureau of Prisons to consider placing an inmate in a RRC for up to the final twelve months of sentence. *See Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009).

The plain language of the RDAP is clear: a reduction in sentence resulting from completion of a treatment program, such as RDAP, is discretionary and may be for any period of time, up to a maximum of one year. Although Simmons's desire to participate in early release incentives as soon as possible is understandable, placement in RDAP and any concomitant reduction in time spent in custody is vested within the discretion of the BOP. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." G*reenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979).

C. Petition

Respondent asserts that this case is not ripe for adjudication because Simmons is not eligible for review for RRC placement until March of 2011, (which is 17-19 months prior to his projected October 11, 2012 release date), and his participation in RDAP does not alter the appropriate time period for RRC placement review. ECF No. 1, Exhibit 1, Attachment A.

A court cannot decide a claim that is not ripe for adjudication. *See Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807 (2003). Ripeness is a doctrine designed "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Id*. at 807-08 (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967).

Apart from the issue of ripeness, the court notes that the BOP is to consider a prisoner's record and exercises its discretion as to when and whether RRC placement is appropriate in accordance with the five factors enumerated by statute. An inmate has no constitutional right to be confined to a particular institution. *See Meachum v. Fano*, 427 U.S. 215, 223 (1976); *Olim v. Waukinekona*, 461 U.S. 238 (1983). There is no protected liberty interest in being placed in an RRC prior to release, and RRC assignments are matters of prison management exercised by the BOP. While Simmons' desire to secure RRC placement is understandable, the Petition fails to allege a violation of constitutional or federal law to warrant award of habeas relief.

Lastly, since filing of the Petition, Simmons has been given an earlier date for release and a half-way house bed date. To the extent Simmons complains that the BOP as a matter of policy fails to provide a full year of RRC placement or that he is entitled to receive additional time in an RRC, he fails to provide more than conclusory assertions in support.[4]

## CONCLUSION

The court determines that no genuine issue as to any material fact is presented and Respondent is entitled to judgment as a matter of law. Summary judgment shall be entered in favor of Respondent and habeas corpus relief shall be denied and the Petition dismissed by separate order.

/s/
DEBORAH K. CHASANOW
United States District Judge

---

[4] Petitioner's complaints concerning mental health treatment are properly raised in a prisoner civil rights complaint under 42 U.S.C. § 1983. The Clerk will send Simmons a prisoner civil rights information and forms packet in the event he intends to pursue this claim.